Oral argument not to exceed 15 minutes per side. Lauren Suzanne Cooley, supervising attorney. You may approach and proceed. Good morning, your honors. My name is Lauren Cooley. I'm an attorney with Squire Patton Boggs and also the University of Cincinnati Sixth Circuit Clinic. I am introducing Sarah Nelson, a law student from the clinic, who will be presenting oral argument this morning.  Very well. Morning. May it please the court. My name is Sarah Nelson, here on behalf of Charles Shorter, and with the court's permission, I'd like to reserve two minutes for rebuttal. All right. This court should reverse the decision below because Mr. Shorter's habeas claim was timely filed under the categorical distinction drawn in Duchenne. Further, it was unconstitutional to deny Mr. Shorter's delayed appeal when the trial court failed to notify him of his appellate rights. The trial court, during sentencing, only told Mr. Shorter what he could not appeal. He told him that his guilty plea would eliminate any and all grounds for an appeal regarding previous rulings. But aside from those previous rulings, the trial court never told Mr. Shorter that he had a right to appeal. Could you explain how you calculate the time frame for his right to appeal as to when the time commenced, and what date, and when it expired? Yes, Your Honor. Under this court's decision in Duchenne v. Rose, the AEDPA one-year limitations period runs from the factual predicate of when the due process claim comes into existence. And that, in this case, is when the state denies the delayed appeal. So the denial triggers AEDPA's one-year limitations period. And Duchenne made a distinction with respect to an appeal-based claim, which is the claim at issue in Mr. Shorter's case. So once the state denied his delayed appeal, that's what triggered his one-year limitations period. And so long as he filed within one year following that denial, his habeas petition was timely. So the date you used to commence the time to begin to run within which he had to appeal was what date? Well, it would have been the date of the denied delayed appeal, which the exact date in this case was December 23rd of 2013. And when do you say it expired? Well, it would have expired a year following that denial. But two months after that, he appealed to the state Supreme Court to properly exhaust his claim through all of his state remedies. And when the Ohio Supreme Court denied his claim, then he filed his habeas petition. About two months after, actually, the state Supreme Court denied his appeal, he filed his habeas petition. Do we have a problem with this DeCenza case in that it doesn't set forth a due diligence requirement, whereas that requirement might be applied looking at some of the case law that preceded DeCenza? Because we wouldn't want a situation where a defendant or a prisoner waits 20 years and then says he's going to file some papers and have the court deny his petition and say that the time that he has to appeal commences upon that denial, because then petitioners can create their own appeal periods, so to speak. So I'm just wondering if we really can rely upon DeCenza. If it conflicts with prior case law, it might maintain a due diligence requirement. What would you say about all that? Well, with respect to due diligence, DeCenza does address that particular aspect, but only in regards to the DeCenza's conviction-based claim, which the DeCenza court made a categorical distinction between conviction-based claims and appeal-based claims. And with respect to due diligence on the conviction-based claim, the DeCenza court expressly stated that it could not find the petitioner diligent because there was no factual record before it to be able to ascertain as such. But with respect to the appeal-based claim, there was no finding of diligence in that regard because he had filed within the one-year limitations period. And because the appeal-based claim, the denial of the delayed appeal triggered the one-year limitations period, so long as you filed within that one year, it was fine. What makes it an appeal-based claim? I mean, the denial was in failing to give him the appellate right to inform him. Now, true, it could have been saved if they had granted the appeal, but most errors can be corrected on appeal. So if your question is how do we describe an appeal-based claim, the McIntosh v. Hudson Northern District case explains the distinction as an appeal-based claim specifically referring to the claim based on the appellate court's denial of leave to file a delayed appeal as compared to a conviction-based claim, which only refers to claims of constitutional error during the initial conviction and sentencing. Does that answer your question? Well, it does, but it doesn't. I mean, I understand you say, okay, you're basing the error, you're basing the habeas claim on the denial of the appeal, but the error here was in failing to tell him that he had a right to appeal, and that occurred at the trial level. And so I'm saying how do you really get into this difference if there is one? Yes, Your Honor. Well, because this is a notice case and he was not notified of his right to appeal, when he raises that claim to the appellate court, they have an opportunity to vindicate his right to appeal by hearing his appeal and by denying it, and specifically in this case with denying it without any discussion as to his claim or for any reason as to why they denied it, is why in the exact same situation that happened in Duchenne and why they drew the categorical distinction, that denial then triggers a linear limitations period because he needs to ask the Supreme Court then, hey, tell the appellate court to hear my appeal. All he's asking is to have his appeal be heard. So this whole discussion is presuming that there is a constitutional right that he was deprived of, but we have that letter in the file, right? And he pled guilty and he had a plea agreement, right? And the plea agreement was honored. So is there even a recognized federal right to have the appeal? So under clearly established Supreme Court precedent, it is recognized that if a state sets up a system for appeals, that it needs to protect that right with adequate procedural safeguards, and notice is fundamental to all the procedural safeguards. Yes, and that maybe would be the case if he had been convicted by a jury. But here, I mean, the Supreme Court itself has said in the context of a federal conviction, the mere failure to give the appellate rights is not in and of itself a constitutional violation if the person knows. I mean, basically your client was in the position where he couldn't appeal his sentence because it was an agreed upon sentence, and he couldn't appeal his conviction because it was a guilty plea. So really all he could do was somehow claim that it was involuntary, right? He would have to just try to get out of it. And he got the letter from his lawyer that said exactly that, that you can appeal and this is what would happen. So how do we say that, I mean, if you look at the Supreme Court case of Pequera, it's basically the same situation. He wasn't told he had an appeal right, but he knew. The court said no. I would disagree with the contention that the attorney's letter actually notified Mr. Shorter of a right to appeal. The attorney letter only talks about this hypothetical right and construes it in a negative connotation. It specifically says if there was an appeal due to your indigency, this is one possible avenue you could possibly explore, but it would be an unlikely scenario. And I believe that that language, when construed in the negative, not everybody necessarily infers positive, something in the inverse, when you're confronted with a bunch of negative terminology. And with this letter following the sentencing hearing that told him he could not appeal certain things, Mr. Shorter even says that he didn't believe he had a right to appeal. What is he, in nowhere have I read what it is he wants to assert. Well, what he wants to assert is sort of irrelevant to us establishing that his appeal-based claim was timely and that the denial of his delayed appeal was unconstitutional. I'm sure he had things ready to appeal, but it's not in the record, and I can only speculate what he could possibly have said on appeal. Well, but when we look at appeals from denial of habeas, I think the case law says that we have to conclude, and I know that we gave the COA, but the standard is that there's reason to believe the court may not have been, well, it's a lower standard, but reasonable people could conclude that the court was wrong on the procedural ruling. And there's always another prong there, which is that, you know, and there's reason to believe there's a claim behind it. Well, like you previously stated, there was an opportunity for Mr. Shorter to challenge the validity of his effective assistance of counsel and whether or not his plea was voluntary. So assuming if that's what he wanted to appeal, because he has the right to make those claims, he should have been told that he had the right to do that. And at the sentencing hearing, again, he was only told he could not appeal, and his attorney's letter did not tell him that if he wanted to appeal, what time limit he had to appeal, that it wouldn't cost him anything if he wanted to appeal, and that he would be afforded appellate counsel on appeal, and all of those elements are addressed in the procedural safeguard cases. Okay, so let me just ask you this. So if you get the relief that you're asking for, basically the state court will be told, Right? Okay. Now, when a state court gets an application that says, I was not told of my appeal rights, and they get it five years later, can they say, well, we looked at the record and you weren't diligent? Can they reject it on lack of diligence grounds? In the state of Ohio, when you're filing a claim under a Rule 5a motion for a delayed appeal, the case law in applying that rule premised on a lack of notice. The courts do usually, they regularly do a factual determination on whether or not the defendant was notified of their right to appeal. In that case law that I recall, it doesn't necessarily discuss diligence in pursuing the right, because they assume that you didn't appeal any earlier because you were not notified. So the key issue here is that there was no notice of an appeal, so no matter how long the delay was, they have to make a factual determination. So do they grant delayed appeals five years later and things like that? Yes, Your Honor, they have. Okay. One premised, I mean, with the case law that I am aware of, one premised on the fact that they were not notified of a right to appeal. They have in the past, and they have issued opinions explaining whether or not they thought there was reasonable notice with respect to that issue. So, I mean, it's not uncommon to grant, and in fact they do grant and have a factual determination under Rule 5a, delayed appeals in Ohio appellate courts. And that goes to the procedural safeguards because they recognize that the defendant did not have a right to appeal and they at least hear about it. So now once your client was denied his appeal, he appealed to the— he sought leave in the state Supreme Court, and in that application he made this argument, right, that he had been deprived of his constitutional right. Yes, Your Honor. They rejected it. Yes, Your Honor. And we are—we have to take that as a rejection on the merits, right? Yes, Your Honor. I believe—well, you mean the merits of his underlying claims. So I would say yes, and I believe Duchenne says that, but however, with respect to the appeal-based claim, he should be able to hear— the appellate court should be able to hear his appeal. If that was an unreasonable decision that he hadn't asserted, if the decision that he had not made a constitutional claim, a legitimate constitutional claim to that appeal is not a— is not contrary to established Supreme Court law. If you're—well, to go to your first question, the Ohio Supreme Court also denied Mr. Shorter's claim without discussion, so whether or not—I mean, like you said, we can assume it was on the merits, but we still don't know what aspect of his claim that they were denying, whether it was we don't think you have a right to appeal or we think your underlying claims are invalid. I'm not entirely sure. There were no underlying claims. Oh, I see what you're saying. The whole appeal was that I didn't get my rights— I didn't get my delayed appeal, therefore my rights have been violated. Yes, Your Honor. Yes, and— So they rejected it, which means they decided it, I guess. Well, I would say that the appeal-based claim distinction drawn in DeCenzi had the same factual procedural elements at issue in this claim. The Ohio Supreme Court also denied his delayed appeal, and when it came to this court's determination, they said the appeal-based claim could proceed. So with respect to your question, because of the similar factual situation, I think it's the same scenario here. They deny without discussion, and he exhausted all of his claims. He should be able to have his appeal be heard. Thank you. Thank you. May it please the Court. My name is Jerry Fosnon. I represent the Warden. We ask this Court to affirm the judgment of the District Court that Shorter cannot claim the benefit of 2244 D1D as to his delayed appeal subclaim because he failed to seek the delayed appeal with due diligence. How do you get around DeCenzi, though? Because their argument is that DeCenzi doesn't require a due diligence standard. However, it must. The statute does say due diligence. So DeCenzi had to have decided that issue as to Mr. DeCenzi and decided under his unique facts in his case that he was diligent. Where has there been a determination that this person wasn't diligent? The District Court decided that this person wasn't diligent, that Shorter wasn't diligent. The District Court specifically said that under the facts in the case, he has not shown an eligibility under D1D because he did not seek the motion with due diligence. And that's what the magistrate judge held and the District Court adopted the magistrate judge's R&R. And there are distinctions between DeCenzi and this case. In DeCenzi, the inmate was not notified of anything, apparently. That's what the decision says. He wasn't notified of any issues regarding the appeal. Apparently, appeal wasn't mentioned at all. Here we have factual differences where he was notified, as is Supreme Court case law, that you cannot appeal rulings preceding your plea. And that's clear Supreme Court case law. And there's no error of a constitutional magnitude in advising him of clearly established Supreme Court precedent. What was the notification here that you're referring to? Both he was notified that he could not appeal errors preceding the plea, which would imply you can appeal things postdating the plea, like the plea and after. And then there was also a letter from his attorney that said, if there's an appeal, you will be entitled to a transcript due to your indigency. And then they said an issue you could raise on appeal is the knowing and voluntariness of your plea, but that's unlikely to succeed because part of your plea incorporated your co-defendant's disposition and you would undermine that disposition and you'd possibly cause her to testify against you at trial if you were to try to vacate your plea. Perfectly reasonable advice from his attorney. You got a favorable deal here and you got your co-defendant a community control probation sanction instead of three years of prison, which the transcript clearly indicates the judge was planning to give the co-defendant. Nothing in Supreme Court precedent specifies any sort of notifications that the inmate must be given. The shorter essentially relies on Ohio rules to say essentially that it's a constitutional violation to not give me the notice that the Ohio rules require, but there's nothing in Supreme Court precedent that says that what this inmate was told was not sufficient to advise him. And as both the state's attorney on the delayed appeal and as the trial court noted and as the inmate himself admitted, he's a college-educated person, so he can be presumed to have taken all of the analysis that was given to him and all of the advice that was given to him and all of the statements that were given to him and say, oh, I can't challenge errors that preceded the plea, but I have other errors I can bring. Or if I brought an appeal, I could challenge the voluntariness of the guilty plea, but I may not want to do that. And in this case, the evidence appears to be that he chose not to appeal because he did not want his co-defendant to testify against him at trial, so he apparently waited five years until her charges were resolved and her community control was over before he decided to start challenging his guilty plea and filing the delayed appeal. And as this court noted, Judge Clay mentioned that we don't want inmates to be filing 20 years later under these types of circumstances. I mean, if there was a situation, for example, in Ohio Leaves Open, the option of filing your delayed appeal at any time, as Judge White noted in Board v. Bradshaw, that the delayed appeal can be filed at any time, and though there's no time limit on the delayed appeal, 2244D does place a time limit on habeas petitions. And we allow the state to allow for these unforeseen circumstances, like, for example, if an inmate's being transported to the institution and there's a car accident and he's in a coma and he's in a coma for five years, then maybe we'd allow for him to file the delayed appeal. And the delayed appeal standard in Ohio specifies that you have to show good cause for the delay. And here, the state court analyzed that. Their disposition was that his motion for leave to file a delayed appeal was overruled. How do you find, where is the good cause determination that you found in Duchenne's? The good cause determination in Duchenne's? For the due diligence. You said that the court had to have found due diligence. Where is that? I don't see it as to the appeal-based claim. However, the statute does require it. So, essentially, we would have to- I know, but that's the case that we have. Right, but you would have to be saying, essentially, okay, the statute requires it and it's clear in the statute, but the Sixth Circuit said I don't care what the statute says- No, the statute says a year from the basis of the claim. And that's the way the court decided the case. Right, but then there's been subsequent- And there's what? There's been subsequent decision from, well, it's actually prior to- Proceeding. Johnson v. United States, right. Right. But DeCenzi also says, specifically, and according to my opposing counsel, DeCenzi makes this categorical rule that no matter when you file the delayed appeal and the order comes out, you have one year from that date and the factual circumstances don't matter. But even in DeCenzi, as to the sentencing-based claims, the court said, we look at the unique factual circumstances of DeCenzi and we can't decide under his unique factual circumstances what DeCenzi knew or what a reasonable person in his position might be expected to do. So this court even recognizes the sentencing-based claims that there is a specific factual determination. No, I don't see how that helps you when they bifurcate it like that. Well, I'm just saying this court recognized that there's a factual analysis that must be required and that factual analysis must be required as to the appeal-based claims, too. And here, according to Shorter's analysis of DeCenzi, an inmate that's advised of everything, let's say he gets everything he's wanted, he's told you have 30 days, you have the right to an attorney, you have an attorney can be appointed to you at no cost, all this stuff, say a Miranda colloquy into the appeals context. If he's given all of that, but he still doesn't file an appeal, waits 20 years, 50 years, 90 years in this case because he's in prison for life. So he could wait 90 years and still file his delayed appeal, and 90 years later, and even knowing about all of his appeal rights, and this court under DeCenzi would say that's still timely and you can file an abuse petition. No, because he doesn't have an appeal-based claim. Yes. There are two separate issues, and the notification issue is not before this court. That was not certified. The appeal-based claim is the denial of 5A. So according to his analysis, an inmate who knows everything still doesn't file a timely appeal, but then files a delayed appeal 90 years later, still gets DeCenzi's benefit, and the statute of limitations for the habeas petition runs from one year from the denial of the 5A motion. And that can't be what this court would intend, and it's certainly not what judges in the United States. Well, I don't think DeCenzi made a blanket rule for that. I think it was the nature of the claim. It was the nature of the claim as to a 5A. So according to Shorter, every person in Shorter's position who, no matter what they were advised, they get one year from the date of the denial of the 5A. So if you don't file a timely appeal, you get one year from the date of the denial of the 5A, no matter what your factual circumstances are. That's what he says DeCenzi decided, and that can't be the law. It's not the law on any other issue. Why would it be the law on this issue? And it's certainly not the law in Johnson, and they try to make a distinction based on Johnson to say that's a conviction-based claim. But the United States Supreme Court specifically says that no matter what the proceeding, the fact is the result of a proceeding begun at the petitioner's behest, and he was the moving party. And no matter what, as long as the court process and the mail doesn't go awry or astray, you'll get notification of the decision. Same issue here. And when one discovers the fact that one helped to generate whether the result of a court proceeding or other process begun at his behest, that's the nature of the circumstances in Johnson. And here you can't say anything other than a 5A motion is the result or the denial of a 5A is the result of a court proceeding or other process begun at the petitioner's behest. So there's no basis for distinguishing the Johnson analysis from this court's analysis in a 5A context. And other courts have held that these two, the 2255F4 and 2244D1D, are the same. They have the same language. They're analogous provisions. It's the federal, 2255 is the federal version of 2244 with D1D. The courts all acknowledge that. And there's no basis for holding that Johnson doesn't apply in this case. And even DeCenzi, like I said, says facts do matter. Who decides them? The district court. Did the district court even hear from the defendant on why, on his claim that he didn't know, or what that letter, how he interpreted the letter or anything like that? The inmate put that in his pleadings, and the district court, the inmate said, I didn't discover my right to appeal until October of 2013. But the district court looked at the notification that was given at sentencing and the notice that was in the letter from his attorney, and the fact that the inmate did nothing for five years. The notification given at sentencing. Yeah, about you don't have the right to appeal errors preceding the plea. Oh, you mean the oral statement of the judge. And then, so, or that was probably during the plea context. But anyway, and looked at all of that, and the fact that the inmate, despite having all of that information that you can appeal this issue regarding the volunteering, you're guilty plea, but you probably don't want to do that. And the fact that the inmate did nothing for five years,  perhaps if the inmate, upon getting the notification from his attorney regarding the letter or something, when the trial court said you can't appeal errors preceding your plea, the inmate goes, oh, but can I appeal something? Or writes to an attorney, asks his attorney for clarification. If there was some evidence that he did something, the court could look at that and say, okay, you were exercising your rights diligently because you pursued something. You know, in no other context do we allow an inmate to just... Wouldn't you expect the state court to be the one that made that determination? The state court arguably did make a determination. I mean, he filed a motion for leave to file a delayed appeal, and the court overruled that motion. And that is the enforcement of a procedural bar. And in Johnson v. Lee, the United States Supreme Court just recently said, federal courts have no authority to impose mandatory opinion writing standards on state courts at the price of federal respect for their procedural rules. So the state court was required to do nothing more than what they did here and say that his motion for leave to file a delayed appeal was denied. Here, an appeal-based claim is the mechanism by way he brings that claim that he was not notified of his right to appeal. Again, the notification issue is not before this court and was deemed time-barred and was not certified. The only issue is the denial of the 5A. The appellate court acts when he files the 5A and prompt discoveries are guaranteed through official notice, just as the same issue in Johnson. And as in Johnson, they said, allowing defendants to wait untold years and slumber on their rights cannot be squared with the statute's plain text and purpose. And in Everly v. Warden, as I noted in my brief, this court found that same factual circumstances in the plea withdrawal context, that there's no limit on the filing of a motion to withdraw a guilty plea in Ohio. So an inmate can file that 20 years later. And we can't say that the statute of limitations doesn't start running until the inmate is denied that motion because he'll say it was error in denying that motion. And so the statute of limitations should run from that day. And that can't be the standard. And it can't be fitted with the ADPA. As to the merits issue on that delayed appeal context, as I have noted, that claim is not cognizable. It's just an error in a post-conviction context. There's nothing about that process. It wasn't the direct appeal. It was a post-conviction attempt to get a direct appeal. Stone v. Moore holds that the procedural default in that context is it's a procedural bar, even though there's discretion in denying 5 As. That discretion is an enforceable procedural default. Sorry, I'm running out of time. If there are no further questions, we'd ask this court to affirm the judgment of the district court. Thank you. All right, thank you. Any rebuttal? Thank you. I would first like to address that under Ohio Rule 5A to file a delayed appeal, there is no time limit to file that delayed appeal. So ADPA doesn't place any arbitrary limitations on state law procedural rules. So as long as Mr. Shorter filed a timely delayed appeal, which has no time bar, so long as he filed within one year of the denied delay appeal, he's timely under ADPA. And this delayed appeal is distinguishable from the context of Johnson because the petitioner in Johnson knew that the prior state conviction that was used to enhance his sentence wasn't valid at the time that he was sentenced. So that factual predicate was in existence at the three years later when he decided to file his habeas petition. In contrast to a notice case where a defendant says that he was not notified of an appeal, when he comes into that knowledge and then files, it's a different situation, and I think why the Duchenne court made that categorical distinction. And in Mr. Shorter's case, after the sentencing hearing, he reached out to his attorney first. So to say that he should have done more, he made that first contact to see, we don't have that letter to see what exactly he said, but he made that first contact and he said that the letter in response from his attorney did not tell him that he had a right to appeal. And to construe the letter and say that it did tell him, it's misleading because it should tell the defendant that despite the attorney's opinion about his case, that the defendant has independent authority to pursue his right to appeal on his own terms. And that was never explicitly told to Mr. Shorter, that he had an affirmative right to pursue his appeal on his own accord. In both the sentencing hearing and the trial attorney's letter, there was no opportunity presented to Mr. Shorter, again, that he could assert his intention to file an appeal and left thinking that this was the end of the road of his case. But once he found out that he did have a right to appeal, he immediately filed for his delayed appeal. And I see that I'm out of time, but I'd just like to respectfully request that the court reverse the decision below. Thank you. Thank you very much and congratulations on your first argument in the Court of Appeals.